UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 06-00213 (RCL) |
| v. | : | |
| | : | |
| | : | |
| RAMON RODRIGUEZ | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully requests that the Court place the defendant on probation for a period of five years and order that he serve nine months of home detention with electronic monitoring. Further, the government requests that the Court order the defendant to perform community service and to make restitution. The government defers to the Court as to whether to impose a fine.

**I. BACKGROUND**

On July 26, 2006, the defendant, Ramon Rodriguez, pled guilty to a one-count felony information charging him with Offering, Giving, Soliciting, or Receiving a Gratuity in violation of 18 U.S.C.§ 201(c)(1)(B). During his plea colloquy, the defendant admitted that between January 1, 2003 and July 1, 2005, he was employed as an Education Program Specialist in the Office of Special Education and Rehabilitative Services for the United States Department of Education. The defendant's offices were located at 550 12th Street, S.W. in the District of Columbia. In his capacity as Program Specialist, the defendant was responsible for monitoring

numerous grants worth millions of dollars awarded by the United States Department of Education to educational institutions that provide services to the deaf and hearing-impaired community. The defendant's responsibilities included approving changes to project plans and budgets, as well as evaluating whether grantees met project goals and expectations. Certain grantees were required to provide project updates to the defendant and to obtain his approval for various aspects of their grant projects, including, in some cases, the expenditure of grant funds.

In November 2004, the United States Department of Education's Office of the Inspector General began investigating the defendant after receiving a complaint alleging that the defendant was attempting to influence a grantee to hire his girlfriend as an employee or consultant through a private company ("Company A") and that the defendant was friends with the president of this company. The defendant was the project officer in charge of reviewing the grantee's expenditures and ensuring its compliance with regulations.

Investigators learned that on December 16, 2004, a contract between Company A and the grantee was presented to the United States Department of Education in Washington, D.C. The president of Company A signed the contract on December 27, 2004 and a representative of the grantee signed the contract the following week. The defendant was copied on the contract.

The total proposed cost of the contract between the grantee and Company A was $162,323. Moreover, the contract specified payments of $27,600 and $13,800 to the Research Director. Shortly after the contract was ratified, the defendant's girlfriend was hired as the Research Director for the project. The first installment payment on the contract was made to Company A on February 8, 2005 in the amount of $86,359.00.

In September 2005, agents from the U.S. Department of Education's Office of the Inspector General and the FBI's Washington Field Office executed a search warrant on the defendant's residence. At that time, the defendant agreed to speak to the agents and told them that Company A's president had hired his girlfriend as the Research Director for a contract that Company A had negotiated with the grantee in January 2005. The defendant stated that he had consulted with Company A in a "broad sense," providing the company's president with ideas for strategic planning, brainstorming, and marketing.

The defendant admitted that Company A's president had told him that he would be able to pay him for services he had provided over the past couple of years if the company received the contract with the grantee. Company A's president subsequently paid the defendant $10,000 in cash in two separate installments between January and May 2005 for services the defendant had provided to the company over the past 25 years. The installments corresponded to the installment payments Company A had received pursuant to its contract with the grantee. The defendant also told the agents that he tried to shield Company A's payments by requesting that he be paid in cash and not by check.

## II. SENTENCING CALCULATION

A. <u>Statutory Maxima</u>

The maximum sentence for Offering, Giving, Receiving or Soliciting a Gratuity pursuant to 18 U.S.C. § 201(c)(1)(B) is two years imprisonment. The maximum fine is $250,000.

B.  <u>Sentencing Guidelines Calculation</u>

The Pre-Sentence Report (hereinafter "PSR") calculates the offense level under the United States Sentencing Guidelines at 11.  See PSR ¶ 28.  This includes the base offense level of eleven pursuant to U.S.S.G. § 2C1.2(a), a two-level enhancement for "loss" amount between $5,000 and $10,000 pursuant to U.S.S.G. §§ 2C1.2(b)(2) and 2B1.1(b)(1)(B), and a two-level decrease for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(a).  The defendant has a criminal history score of zero.  Under the United States Sentencing Guidelines, the applicable sentencing range for an offense level of eleven is eight to 14 months within Zone C.

Based on the fact that the defendant is seventy-six years-old, deaf in one ear and nearly deaf in the other since childhood, the parties agreed in the plea agreement that U.S.S.G. §§ 5H1.1, 5H1.4, and 5K2.0 apply in this case, so that a downward departure of one offense level would be appropriate.  In addition, the defendant reserved the right to argue for a downward departure greater than one offense level at sentencing.  The parties also agreed that any period of incarceration imposed by the Court at sentencing should be satisfied by home detention pursuant to U.S.S.G. §5C1.1(c)(3).  Should the Court accept the parties recommendation that the defendant receive a downward departure of one offense level the defendant's total offense level would be ten, placing him in Zone B of the guidelines and making him eligible for home detention pursuant to U.S.S.G. Section 5C1.1(c)(3).  The PSR writer agreed that a downward departure of "at least one level is appropriate." See PSR  ¶ 89.

For the reasons set forth, infra § III of this Memorandum, the government respectfully requests that Court accept the recommendation of the parties that the defendant receive a downward departure of one offense level and that any period of incarceration imposed by the

Court be satisfied by home detention. More specifically, the government respectfully requests that the Court sentence the defendant to a period of five years probation to include a term of nine months home detention with electronic monitoring. Further, the government respectfully requests that the Court order the defendant to perform community service and to make restitution to the United States Department of Education. The government defers to the Court as to whether to impose a fine.

**III.  GOVERNMENT'S SENTENCING RECOMMENDATION**

In determining the appropriate sentence, the Court "shall consider....the need for the sentence imposed ....to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(D).

In this case, the defendant's conduct was serious in that he chose to leverage his position as a federal government employee with approval authority over the expenditure of millions of dollars of grant funds, to enrich himself financially. In engineering the contract between Company A and the grantee and then accepting a gratuity from the president of Company A, the defendant abused the trust of his employer, the grantee, and the citizenry. Further, the defendant's conduct  may have jeopardized the grantee's program by steering it toward a service contract with a company it may not otherwise have chosen. As such, the defendant's actions were selfish, manipulative, and motivated by greed.

In the defendant's favor, however, is the fact that he immediately admitted his conduct to the case agents, agreed to an early guilty plea, and has expressed remorse for his actions. Moreover, the defendant has no prior arrests or convictions and has promised to make restitution. For these reasons, the government agrees that a downward departure of one offense level and a sentence of probation is appropriate. However, given the serious nature of the defendant's actions, the government opposes a downward departure of more than one offense level. In addition, the government contends that a significant period of home detention with electronic monitoring is necessary as punishment and as a deterrent. Further, the government requests that the Court order the defendant to perform community service in order to repay the community for his conduct, which was in violation of the public's trust.

## IV.  RESTITUTION

As the PSR states, the Court shall order full restitution to the victims without consideration of the economic circumstances of the defendant. See PSR ¶ 86, citing 18 U.S.C. § 3664(f)(1)(A). As such, the government requests that the Court order the defendant to make restitution in the amount of $10,000 to the United States Department of Education. Additionally, the government defers to the Court as to whether to impose a fine.

## V.  CONCLUSION

For the foregoing reasons, the government respectfully asserts that a downward departure of one offense level and a sentence of probation is appropriate. Additionally, the government requests that the Court impose a five year period of probation and sentence the defendant to a nine-months of home detention with electronic monitoring. Further, the government requests that the Court order the defendant to perform community service and to make restitution to the

United States Department of Education. The government defers to the Court as to whether to impose a fine in this case.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            UNITED STATES ATTORNEY

                                            _____
                                            Kim A. Herd, D.C. Bar No. 461615
                                            Assistant United States Attorney
                                            555 Fourth Street, N.W.
                                            Washington, D.C. 20530
                                            (202) 616-9370

**CERTIFICATE OF SERVICE**

      I HEREBY certify that a copy of the foregoing Motion was served via electronic filing this 13th day of October 2006 on Larry Nathans, Esq., 210 East Lexington Street, Suite 301, Baltimore, MD 21202.

                                                                                                  _____
                                                                                                   KIM A. HERD
                                                                                                   Assistant United States Attorney